**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 15 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASPREET SINGH, | No.  17-73098 |
| Petitioner, | |
| v. | Agency No. A206-445-840 |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 13, 2020**

Before:  HAWKINS, GRABER, and CLIFTON, Circuit Judges.

Jaspreet Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") denial of his applications for asylum, withholding

of removal, and protection under the Convention Against Torture ("CAT").  Singh

claims that he experienced persecution in India for his affiliation with the Shiromani

Akali Dal Amritsar Party.  His petition contests the BIA's affirmance of the

---

    *  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **  The panel unanimously concludes that this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

immigration judge's adverse credibility determination. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Substantial evidence supports the adverse credibility finding. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). Singh's documentary and testimonial evidence provide inconsistent statements about who attacked him for his political activities, who reported the attack to the police, whether he agreed to join the opposing Badal Party to avoid being killed when party members attacked him, and whether police later threatened to falsely charge and imprison him if he did not cease his political activities. Although one or more of these inconsistencies might reasonably be considered trivial individually, together they undermine the gravamen of Singh's allegations. And when given a chance to explain these discrepancies, Singh neither offered a substantive justification nor acknowledged their relevance to his claims of political persecution.[1]

To the extent one might still accept Singh's explanations, the record scarcely compels their acceptance. *See* 8 U.S.C. § 1252(b)(4)(B) (stating "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"); *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th

---

[1] We need not address the parties' dispute over conflicting letters issued by Singh's doctor concerning the extent and visibility of his injuries from being attacked by Badal Party members. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Cir. 2011) ("To reverse [an adverse credibility] finding we must find that the evidence not only *supports* a contrary conclusion, but *compels* it." (brackets omitted) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992))). A reasonable adjudicator could conclude that Singh's inconsistencies—together with his insistence that they constitute little more than fear-fueled memory lapses about minor details—suggest fabrication, exaggeration, or, at the very least, an unreliable memory. Our inquiry ends there. Absent credible testimony, Singh cannot carry his burden to establish his entitlement to asylum, withholding of removal, or CAT protection. *See* 8 U.S.C. §§ 1158(b)(1)(B)(ii)–(iii) (outlining credibility criteria for asylum applicants), 1231(b)(3)(C) (same for withholding of removal); *see also Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003) (allowing lack of credibility to suffice for denial of CAT protection where underlying allegations are indistinguishable from those supporting asylum and withholding of removal applications).

**PETITION DENIED.**